439 A.2d 203

COMMONWEALTH of Pennsylvania,

v.

Marcus POWELL, Appellant.

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed Dec. 29, 1981.

John J. Moran, Assistant Public Defender, York, for appellant.

Floyd P. Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of York County, Criminal Division, and involves appellant-defendant's appeal from a judgment of sentence by which he was committed to Farview State Hospital for a period not in excess of 365 days after he was convicted by a jury of attempt to commit rape, indecent assault, and simple assault. Defendant claims that he was incompetent to stand trial and could not aid and assist his attorney in the preparation of his defense due to his mental condition.

A competency hearing was held before the trial judge on May 19, 1978 to determine the defendant's competency at the trial. Two medical doctors, Dr. Laurelio Moscosco and a Dr. Pandelidis, testified for the Commonwealth at said hearing and two witnesses, a medical doctor and a psychologist, testified on behalf of the defendant at said hearing which was held two months after the trial. Dr. Moscosco had known the defendant professionally for several years and had examined him on occasions prior to and after the trial. He examined the trial transcripts and the medical reports as provided by defendant's experts and used them in rendering

his opinion on defendant's competency at the time of the trial.

Dr. Pandelidis examined the defendant in January of 1978, two months prior to the trial as a result of an incident at the jail which involved the defendant. At that time the doctor found the defendant to be "oriented in all three spheres", . . . "to have a good memory of past events inasmuch as he was able to relate details of the alleged rape in a circumstantial manner", and further stated that "He [Defendant] seemed to know the seriousness of the legal condition and showed no signs of acute psychosis". Dr. Pandelidis also testified that the defendant told him that the bizarre behaviour at the county jail in which defendant engaged was done so that he could see a psychiatrist to testify on his behalf at an upcoming bail reduction hearing. The Doctor further stated that he was kept abreast of defendant's condition through a social worker who observed defendant's condition up to and through the time of trial. Both Dr. Pandelidis and Dr. Moscosco testified that defendant was competent to stand trial in March of 1978.

All four experts agreed that the defendant had emotional problems, that he is acutely psychotic at times and is delusioned at times. Dr. Moscosco agreed with the defendant's experts who testified that he was incompetent at the time of their examinations of him. However, he found defendant to be competent at the time of his trial. Defendant's experts opined that he was most probably incompetent to aid and assist his attorney at the trial and was therefore incompetent to stand trial at that time. Defendant's trial counsel testified that the defendant "assisted in the trial". Defendant provided his counsel with the names of alibi witnesses and gave his attorney a step by step account of what he claimed he did on the date of the incident out of which the charges arose. The defendant also testified at the hearing admitting that he knew with what he had been charged at the time of the trial, understood the seriousness of the

466

offenses, and knew what was going on at the trial. He further admitted informing his trial counsel of his version of the events of the day. The defendant testified that he refused to aid in jury selection because he did not consider them to be "his peers". At the conclusion of the hearing the court found defendant to be competent and committed him to Farview State Hospital. Defendant now appeals that ruling.

One charged with a criminal offense must be competent to stand trial. *Commonwealth v. Scovern*, 292 Pa. 26, 140 A. 611 (1927). However, a defendant must prove his incompetency by a preponderance of the evidence. *Commonwealth v. Kennedy*, 451 Pa. 483, 305 A.2d 890 (1973). If a person is incapable of co-operating with his counsel in his defense of a criminal charge because of mental illness then he is incompetent to stand trial. *Commonwealth v. Kennedy*, supra. Unlike the situation in *Commonwealth v. Kennedy*, supra, the instant case presents us with a situation where there was sufficient evidence presented at the competency hearing to establish that defendant was competent to stand trial at the time of his trial. Both expert witnesses presented by the Commonwealth were familiar with the defendant's condition, prior to trial, at the time of the trial, and after his trial. Both had sufficient information upon which to base their opinions that the defendant was competent to stand trial and the court below did not err in choosing to accept their opinions regarding that issue rather than the opinions of defendant's experts. Indeed the testimony of defendant's trial counsel who reluctantly admitted that defendant had indeed aided him in preparing the trial defense and the testimony of the defendant himself bolsters the testimony of the appellee's expert medical witnesses. As stated by the court below:

> "It is quite evident that the defendant knew what he was doing at trial, and what was going on. If he did not cooperate with counsel, it was solely because he was

hostile to and mad at him, and not because of any mental disease."

Judgment of sentence affirmed.